UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                           **Plaintiff,**<br>     v.<br><br>**TIMOTHY PAGE, TREVOR PAGE, TICINO CAPITAL LIMITED, WELLESLEY HOLDINGS LIMITED, PORRIMA LIMITED, EMERGENT INVESTMENTS COMPANY, and FJ INVESTMENTS INTERNATIONAL INC.,**<br><br>                           **Defendants,**<br><br>**JANAN PAGE,**<br><br>                           **Relief Defendant.** | Civil Action No. 21-cv- |

**[Proposed]**
**<u>ORDER FREEZING AND REPATRIATING ASSETS</u>**

Having considered the motion for an asset freeze, and other preliminary relief filed by plaintiff Securities and Exchange Commission ("the Commission"), as well as the Complaint, the Commission's memorandum of law, and the accompanying declaration of Trevor Donelan and its exhibits, the Court finds that the Commission has shown that: (1) it is reasonably likely to establish that defendants Timothy Page, Trevor Page, Ticino Capital Limited ("Ticino"), Wellesley Holdings Limited ("Wellesley"), Porrima Limited ("Porrima"), Emergent Investments Company ("Emergent") and FJ Investments International Inc. ("FJ Investments") (collectively "Defendants") have directly or indirectly engaged in the violations alleged in the Complaint; (2) there is a likelihood that unless restrained and enjoined by Order of this Court, the Defendants and Relief Defendant Janan Page may dissipate and conceal assets which could be subject to an

order of disgorgement or an order to pay a civil monetary penalty in this action; and (3) entry of an order repatriating the Defendants' and Relief Defendant's assets to the United States is in the public interest. In consideration of the foregoing:

### I.

**IT IS HEREBY ORDERED** that:

A.     The Defendants and the Relief Defendant, and each of their officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of the Defendants and the Relief Defendant and presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of the Defendants or the Relief Defendant, in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement)), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, such funds held in the following accounts:

| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) (last 4 digits) |
|---|---|---|---|
| JP Morgan Chase, N.A. | United States | Janan Page | 3881 |
| | | Sweet Pea Capital LLC | 0629 |
| Wells Fargo Bank, N.A. | United States | Testre LP | 2764 |
| TD Ameritrade, Inc. | United States | Janan Page | 7119 |
| Barclays Bank PLC | United Kingdom | Timothy and Janan Page | 4400 |
| | | | 2287 |
| | | Timothy Page | 8939 |
| HSBC Bank PLC | United Kingdom | Timothy and Janan Page | 1950 |
| | | Janan Page | 2145 |

2

| Institution | Location | Possible Acct Name(s) | Possible Acct No(s) (last 4 digits) |
|---|---|---|---|
| Coutts and Co. | United Kingdom | Timothy Page | 1909 |
| Banca Dello Stato del Cantone Ticino | Switzerland | Timothy and Janan Page | 000U |
| Valor Capital | Cayman Islands | Emergent Investments Company | 9003 |
| | | Porrima Ltd | 9041 |
| | | Wellesley Holdings Ltd | 9019 |
| Westpac Banking Corporation | Fiji | Timothy Page | 4770 |
| MKB Bank | Hungary | Emergent Investments Company | 0013 USD<br>0016 EUR<br>0013 HUF |
| | | Porrima Ltd | 0012 USD |
| | | Prescott Partners | 0017 USD<br>0018 GBP<br>0010 EUR<br>0017 HUF |
| | | Wellesley Holdings Ltd | 0016 USD |
| | | Timothy Page | 0015 EUR |
| Industrial and Commercial Bank of China | Macau | Ticino Capital Ltd | 8213<br>8000 |
| Tendall Capital Markets Ltd | Malta | Ticino Capital Ltd | 2001 |
| Bank of Valletta PLC | Malta | Wellesley Consultancy Ltd | 1053 |
| | | Ticino Capital Ltd | 8686 |
| | | Car Rus Consulting Ltd | 6382 |
| Peter Pesic & Co. Securities, Inc. | Mauritius | Emergent Investments Company | 57EI |

B.     All banks, brokerage, and other financial institutions (including but not limited to those listed in Paragraph I.A) and other persons or entities (including but not limited to payment processors, investors and/or promoters) that receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of the Defendants or the Relief Defendant or over which the Defendants or the Relief Defendant exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation,

3

assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

    C.    The above Paragraphs I.A and I.B shall immediately cease to apply to any assets located within the United States, including any bank, brokerage or other financial institution account, which becomes subject to any later order entered by any federal court as a result of proceedings which may be filed by the United States or any department or agency thereof under any federal civil or criminal forfeiture statute, to the extent such later order requires the transfer of any asset to the United States government.

## II.

**IT IS HEREBY FURTHER ORDERED** that the Defendants and the Relief Defendant, and each of their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including via facsimile or email transmission, or overnight delivery service, and each of them, shall, within five days of receiving actual notice of this Order, take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest bearing account, any and all funds or assets that presently may be located outside of the United States that were obtained directly or indirectly from the trading described in the Complaint.

_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2021