HDM:DAS
F.#2022R01011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

                21-CV-5292 (ARR)

  - against -

TIMOTHY PAGE,
TREVOR PAGE,
TICINO CAPITAL LIMITED,
WELLESLEY HOLDINGS LIMITED,
PORRIMA LIMITED,
EMERGENT INVESTMENT COMPANY,
FJ INVESTMENTS INTERNATIONAL INC. and
JANAN PAGE,

     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF
<u>APPLICATION TO INTERVENE AND TO STAY CIVIL PROCEEDINGS</u>

              BREON PEACE
              United States Attorney
              Eastern District of New York
              271 Cadman Plaza East
              Brooklyn, New York 11201

Dylan A. Stern
Assistant U.S. Attorney
(Of Counsel)

<u>PRELIMINARY STATEMENT</u>

The government respectfully submits this memorandum of law in support of its motion to intervene in the above-captioned civil case (the "Civil Case") and to stay civil proceedings as to defendant Trevor Page because of the pendency of the parallel criminal case, <u>United States v. Trevor Page</u>, 21-CR-517 (KAM) (the "Criminal Case"), which has been filed in this district, and a related, ongoing grand jury investigation.  The same underlying facts are at issue in both the Civil and Criminal Cases.

Defendant Trevor Page, who was arrested and is out on bail in the Criminal Case, has advised the government through counsel that he consents to the government's motion for a stay of the Civil Case as to Trevor Page.  The government has also consulted with the United States Securities and Exchange Commission ("SEC"), which does not oppose the entry of the requested order to stay the Civil Case as to Trevor Page.  The government has not sought the position of the other defendants in the Civil Case because they have not appeared in that action.[1]

A stay of proceedings is appropriate because the government's motion is timely and the same alleged fraudulent scheme is at issue in both the Civil Case and the Criminal Case.  Moreover, a stay of proceedings is necessary, as the defendant should not be permitted to use civil discovery in the Civil Case to avoid the restrictions on criminal discovery that would otherwise pertain to him in the Criminal Case.  A stay is also necessary to preserve the secrecy of the ongoing grand jury proceedings, and will likely promote judicial economy.

---

[1]    On April 29, 2022, the Court entered a final judgment against defendant FJ Investments International Inc.  <u>See</u> ECF No. 34.  On June 29, 2023, the Court granted the SEC's voluntary dismissal of Ticino Capital Limited.  <u>See</u> ECF No. 67.  On September 13, 2024, the Honorable Peggy Kuo, United States Magistrate Judge, recommended that the SEC's motion for default judgment be granted against defendants Timothy Page, Wellesley Holdings Limited, Porrima Limited, Emergent Investment Company and Janan Page.  <u>See</u> ECF No. 88.

Accordingly, the government respectfully requests that the Court: (1) permit it to intervene pursuant to Federal Rule of Civil Procedure 24; and (2) order, pursuant to the Court's inherent power, that proceedings in the Civil Case be stayed as to defendant Trevor Page until the conclusion of the related Criminal Case and the ongoing grand jury investigation.

FACTUAL BACKGROUND

I.    The Civil Case

On September 23, 2021, the SEC filed a complaint against Timothy Page, Trevor Page, Ticino Capital Limited, Wellesley Holdings Limited, Porrima Limited, Emergent Investment Company and FJ Investments International Inc. as defendants (collectively, the "Civil Defendants"), and against Janan Page as a relief defendant.  See ECF No. 1 (the "SEC Complaint").  The SEC Complaint alleges the following, in sum and substance and in part:

Starting no later than 2016 and continuing through at least July 2019, the Civil Defendants schemed fraudulently to sell the stock of various publicly traded companies to securities investors.  SEC Compl. ¶ 1.  Specifically, defendants Timothy Page and Trevor Page used nominee entities—including defendants Ticino Capital, Wellesley Holdings, Porrima, Emergent Investment and FJ Investments International—to disguise and obscure their holdings of substantial interests in the publicly traded companies.  Id.  Timothy Page and Trevor Page also used boiler rooms—i.e., call center operations designed to entice investors into purchasing stock, often using high-pressure sales tactics—to generate artificial demand for their stock by making false and misleading statements to investors.  Id.  In addition and in furtherance of this scheme, Timothy Page and Trevor Page agreed to pay kickbacks to an individual who they believed to be a corrupt broker.  Id. ¶ 2.  Accordingly, the SEC charged the Civil Defendants with violating various provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934.  Id. ¶¶ 3-4.

2

II.    The Criminal Case

On October 7, 2021, a grand jury sitting in the Eastern District of New York returned a six-count indictment charging Trevor Page, among others,[2] with conspiracy to commit securities fraud, conspiracy to commit wire fraud, and substantive securities fraud.  See United States v. Page, No. 21-CR-517 (KAM), ECF No. 10 (the "Criminal Indictment").  Trevor Page first appeared in the criminal case on May 21, 2024.  See Page, ECF No. 12.  The Criminal Indictment covers largely the same conduct as set forth in the SEC Complaint—including fraud as related to the same four publicly traded companies perpetrated, at least in part, through the use of boiler rooms—but covers a slightly longer time period, running until September 2019.  The government's investigation into Trevor Page is ongoing.

ARGUMENT

POINT ONE

INTERVENTION IS APPROPRIATE

I.    Applicable Law

Rule 24 of the Federal Rules of Civil Procedure provides that a party may intervene in a civil action either as a matter of right or on a permissive basis.  Either avenue justifies intervention by the United States in the present action.  See, e.g., In re Air Cargo Shipping Servs. Antitrust Litig., No. 06-MD-1775 (JG) (VVP), 2010 WL 5027536, at *1, *3 (E.D.N.Y. Dec. 3, 2010) (granting motion, noting that "[w]hether as of right under Rule 24(a) or by permission under Rule 24(b), courts in the Second Circuit have routinely granted motions

---

[2]    Trevor Page was charged along with another defendant who remains a fugitive and whose identity is currently redacted from the public indictment.

made by prosecuting authorities seeking to intervene in civil actions for the purpose of obtaining stays of discovery").

Federal Rule of Civil Procedure 24(a) provides that a person may intervene as a matter of right when the applicant:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Intervention is appropriate under Federal Rule of Civil Procedure 24(a) if the application is timely, the party has an interest in the transaction, the action may impede the party's ability to protect that interest, and the party's interests are not adequately represented in the action. See Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 389 (2d Cir. 2006); Cascade Natural Gas Co. v. El Paso Natural Gas Co., 386 U.S. 129, 132-36 (1967) (permitting State of California to intervene under Rule 24(a) in antitrust case to protect state's "interest" in promoting competition in California).

Additionally, a court may permit intervention when an applicant files a timely motion and has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). Intervention under Federal Rule of Civil Procedure 24(b) is "wholly discretionary with the trial court." United States Postal Service v. Brennan, 579 F.2d 188, 191 (2d Cir. 1978). In exercising their discretion, courts consider the nature and extent of the intervener's interests, whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties, and whether the interests of the proposed intervener are adequately represented by the existing parties. See SEC v. Platinum Mgmt. (NY) LLC et al., No. 16-CV-6848 (DLI), 2017 WL 2915365, at *3 (E.D.N.Y. July 7, 2017) ("Platinum") (granting permissive intervention because there was "significant overlap" between

the civil proceeding and the criminal case and "[b]oth actions share common legal and factual questions"); SEC v. Shkreli, No. 15-CV-7175 (KAM), 2016 WL 1122029, at *3 (E.D.N.Y. Mar. 22, 2016) (granting permissive intervention because there were "significant overlaps between the SEC complaint and the . . . criminal case" and "[b]oth actions share a great number of common legal and factual questions"); see also Berroyer v. United States, 282 F.R.D. 299, 302-03 (E.D.N.Y. 2012); Miller v. Silbermann, 832 F. Supp. 663, 673-74 (S.D.N.Y. 1993).

II.   Discussion

Allowing the United States to intervene in this case under Rule 24 is appropriate. The government's motion is timely, as it is being filed before any defendant has answered the SEC Complaint or discovery has taken place in the Civil Case.  Thus, no party has suffered prejudice.  Moreover, as demonstrated above, the same alleged fraudulent schemes are at issue in both the Civil Case and the Criminal Case.

When government prosecutors have advised courts that they are conducting criminal prosecutions or investigations of individuals involved in a pending civil action, the courts have regularly permitted the government to intervene to request a stay of proceedings or discovery in the ongoing civil cases.  See, e.g., SEC v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988) (permitting government intervention to seek stay of civil discovery in SEC action pending completion of a criminal investigation involving the same underlying facts was not an abuse of discretion under either Rule 24(a) or Rule 24(b)); see also SEC v. Doody, 186 F. Supp. 2d 379, 381 (S.D.N.Y. 2002); Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 8 (D. Conn. 2002); SEC v. Downe, No. 92-CV-4092 (PKL), 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993); Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1009 (E.D.N.Y. 1992).

Intervention is warranted as a matter of right under Rule 24(a)(2) in light of the strong interest of the government and the public in the enforcement of criminal laws.  See, e.g., Cascade Natural Gas Co., 386 U.S. at 132-36 (permitting intervention as of right by State in antitrust proceedings because of public interest in effective competition); SEC v. Realty & Improvement Co., 310 U.S. 434, 458-60 (1940) (SEC should have been permitted to intervene in bankruptcy proceeding because resolution of that proceeding might "defeat the public interests which [the SEC] was designated to represent").  That interest may be substantially impaired if civil proceedings were allowed to continue in this matter before the resolution of the Criminal Case, as explained further below.

Courts have specifically recognized that the government "has a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter."  Chestman, 861 F.2d at 50; see Morris v. AFSCME, No. 99-CV-5125 (SWK), 2001 WL 123886, at *1 (S.D.N.Y. Feb. 9, 2001) (permitting the District Attorney to intervene in civil action to request stay of discovery); Bd. of Governors of the Fed. Reserve Sys. v. Pharaon, 140 F.R.D. 634, 638 (S.D.N.Y. 1991) (same); First Merchs. Enter., Inc. v. Shannon, No. 88-CV-8254 (CSH), 1989 WL 25214, at *2-3 (S.D.N.Y. Mar. 16, 1989) (allowing the United States Attorney to intervene in a civil action).

Intervention is also warranted as an exercise of this Court's discretionary authority because the Civil Defendants are charged with engaging in essentially the same scheme in the Criminal Case.  Indeed, as described above, there is substantial overlap in the core factual allegations underlying this action and the factual questions that likely will be resolved in the Criminal Case—namely, whether Trevor Page and others orchestrated a scheme to defraud investors in certain publicly traded companies through deceptive practices and fraudulent misrepresentations and omissions.  The United States seeks only a stay of the proceedings as to

Trevor Page, and its intervention will not alter the parties' respective positions.  In fact, the criminal prosecution will likely benefit the civil parties, by bringing out facts relevant to the Civil Case and streamlining the ensuing litigation.  Accordingly, this Court should permit the government to intervene.

POINT TWO

STAY OF CIVIL PROCEEDINGS SHOULD BE GRANTED

I.     Applicable Law

District courts have the inherent authority to stay their own civil proceedings.  See Landis v. N. Am. Co., 299 U.S. 248 (1936).  A stay of proceedings and discovery in a civil case is particularly appropriate when, as here, a criminal indictment has been filed.  See Doody, 186 F. Supp. 2d at 381 ("Once an indictment has been returned, the government often moves for and frequently obtains relief preventing a criminal defendant from using parallel civil proceedings to gain premature access to evidence and information pertinent to the Criminal Case."); Twenty First Century Corp., 801 F. Supp. at 1011 ("[C]ourts are more likely to grant [a stay] when an indictment has already been issued.").  Pursuant to this discretionary authority, courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders.  See SEC v. Dressler, 628 F.2d 1368, 1375 (D.C. Cir. 1980).

In determining whether to exercise its discretion to stay civil proceedings, the Court should balance the following considerations (referred to herein as the "six factors"):

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

Hicks v. City of N.Y., 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003); see also Louis Vuitton

Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012) (recognizing district courts'

application of the six factors in this context, noting that such balancing tests "act as a rough

guide for the district court as it exercises its discretion," and opining that court's decision

whether to grant stay of civil case "ultimately requires and must rest upon a particularized

inquiry into the circumstances of, and the competing interests in, the case" (internal quotation

marks and citation omitted)).

    Many courts in the Second Circuit have acknowledged that the filing of an

indictment in a criminal case—as has occurred here—weighs heavily in favor of a stay of the

parallel civil case, as codified in the "status of the case" factor.  See, e.g., Hicks, 268 F. Supp. 2d

at 241-42 (observing that "the strongest argument for granting a stay is where a party is under

criminal indictment" because proceeding in both cases could prejudice one or both cases); SEC

v. McGinnis, No. 14-CV-6 (CR), 2016 WL 591764, at *3-4 (D. Vt. Feb. 12, 2016) (discussing

how "status of the case" factor weighs in favor of stay when criminal indictment is imminent or

has been filed, and granting defendant's request for stay of parallel SEC action over SEC's

objection); SEC v. One or More Unknown Purchasers of Securities of Global Indus., Ltd.,

No. 11-CV-6500 (RA), 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012) (same, and granting

government's motion for stay over defendant's objection); accord Volmar Distributors, Inc. v.

New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("The strongest case for granting a stay

is where a party under criminal indictment is required to defend a civil proceeding involving the

same matter.").

    In many recent decisions in this circuit and others, courts have granted a

government motion for a complete stay of civil discovery in a parallel SEC case, even over a

defendant's objection.  See, e.g., Platinum, 2017 WL 2915365, at *6 (noting that "numerous

courts in this Circuit have granted complete stays of SEC actions during the pendency of a parallel criminal case, even over a defendant's objections," and granting government's stay motion); Shkreli, 2016 WL 1122029, at *7 (observing that "numerous courts both in this circuit and others—as the government correctly points out—have granted complete stays of SEC actions during the pendency of parallel criminal proceedings, even over a defendant's objection," and granting government's stay motion); Order Granting Mot. to Intervene and Stay Discovery, SEC v. Dubovoy, 15-CV-6076 (MCA-MAH) (D.N.J. Jan. 29, 2016) (Dkt. No. 240) (granting government's request for complete stay of SEC action over objection of two fugitive defendants indicted in parallel criminal cases in District of New Jersey and Eastern District of New York); Global Indus., Ltd., 2012 WL 5505738, at *4 (granting government's request for complete stay of SEC action over objection of corporate defendant); SEC v. Gordon, No. 09-CV-61 (CVE), 2009 WL 2252119, at *5-6 (N.D. Okla. Jul. 28, 2009) (finding that indicted defendant failed to demonstrate how he would be prejudiced by stay and granting government's request for complete stay of SEC action); SEC v. Nicholas, 569 F. Supp. 2d 1065, 1069-73 (C.D. Cal. 2008) (finding that, over objection of individual indicted defendants, "complete stay of the civil case is in the best interest of justice").

Platinum and Shkreli are particularly instructive. In Platinum, the Court concluded that the circumstances of the civil proceeding and the criminal case strongly favored a stay of all civil proceedings. Specifically, the Court held that "[t]he substantial overlap of the issues and events in both cases, the post-indictment status of the criminal case, the SEC's lack of opposition to the Government's proposed stay, the extensive discovery provided to the Individual Defendants in the criminal matter, the Court's interest in the effective resolution of both proceedings, and the strong public interest in criminal justice all favor a complete stay of the civil action." Platinum, 2017 WL 2915365, at *7. Likewise, in Shkreli, the Court concluded

that a balancing of the six factors "overwhelmingly favor[ed] a stay" where: (1) there was a "substantial overlap of the issues" in the criminal and civil cases; (2) the criminal case had proceeded past the point of indictment as to both defendants; (3) the SEC did not oppose the government's proposed stay; (4) the court had an "interest in the efficient resolution of the two proceedings"; and (5) there was a "strong public interest in vindication of the criminal law." Shkreli, 2016 WL 1122029, at *7.

II.    Discussion

    A.    The Circumstances Presented in This Case Favor Granting the Requested Stay

        This case presents nearly identical circumstances to those that other courts have found dispositive in deciding to grant a stay of a civil case during the pendency of parallel criminal proceedings: (1) the significant overlap between the parallel criminal and civil proceedings; (2) the fact that a criminal indictment already has been returned in the criminal case; (3) the public's interest in the "effective prosecution of those who violate the securities laws"; and (4) the Court's interest in judicial economy and the desire to safeguard the criminal case from "the specific concerns against which the restrictions on criminal discovery are intended to guard," including the risk that disclosures in the parallel civil case beyond the scope permitted in the criminal case would lead to "perjury and manufactured evidence" and the "revelation of the identity of prospective witnesses."  Global Indus., Ltd., 2012 WL 5505738, at *3-6; see also Platinum, 2017 WL 2915365, at *7; Shkreli, 2016 WL 1122029, at *7; Gordon, 2009 WL 2252119, at *5-6; Nicholas, 569 F. Supp. 2d at 1069-73.

    B.    A Stay Will Prevent Unfair Prejudice to the Government

        A stay of the civil proceedings is appropriate to prevent Trevor Page from taking unfair advantage of broad civil discovery rules in the Civil Case to avoid the restrictions that would otherwise pertain to him as a defendant in the Criminal Case.  The Second Circuit has

recognized that the government has "a discernible interest in intervening in order to prevent discovery in [a] civil case from being used to circumvent the more limited scope of discovery [available] in [a] criminal matter."  Chestman, 861 F.2d at 50.  The vastly different rules that apply to discovery in civil and criminal cases are important reasons for staying civil proceedings and discovery in cases where there are parallel criminal proceedings.  See, e.g., Bridgeport Harbour Place I, LLC, 269 F. Supp. 2d at 10 ("Courts are very concerned about the differences in discovery afforded to parties in a civil case and those of a defendant in a criminal case."); Twenty First Century Corp., 801 F. Supp. at 1010 (granting stay, in part, because "[a]llowing civil discovery to proceed . . . may afford defendants an opportunity to gain evidence to which they are not entitled under the governing criminal discovery rules"); SEC v. Beacon Hill Asset Management LLC, No. 02-CV-8855 (LAK), 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003) (in context of request for civil stay of discovery due to pending criminal investigation, "the principal concern with respect to prejudicing the government's criminal investigation is that its targets might abuse civil discovery to circumvent limitations on discovery in criminal cases"); Phillip Morris Inc. v. Heinrich, No. 95-CV-328 (LMM), 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without stay, targets "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); Pharaon, 140 F.R.D. at 639 ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery." (citations omitted)).  Unlike in a civil case, criminal defendants ordinarily are not entitled to depose prosecution witnesses, much less engage in the type of far-ranging inquiry permitted by the civil rules.  See, e.g., Fed. R. Crim. P. 15(a).  Nor are they able to obtain documents reflecting prior statements of witnesses before trial.  See 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2).  Likewise, the criminal discovery rules require production only of those documents which the government intends to offer at trial, are

material to preparing the defense, or were obtained from or belong to a defendant.  See Fed. R. Crim. P. 16(a)(1)(E).

Discovery in criminal cases is narrowly circumscribed for important reasons entirely independent of any generalized policy of restricting the flow of information to defendants.  Three major reasons regularly identified by the courts in justifying narrow criminal discovery are that: (1) the broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence; (2) the revelation of the identity of prospective witnesses may create the opportunity for intimidation; and (3) the criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery, while the self-incrimination privilege would effectively block any attempts by the government to discover relevant evidence from the defendants.  Nakash v. U.S. Dep't of Justice, 708 F. Supp. 1354, 1366 (S.D.N.Y. 1988); see also Campbell v. Eastland, 307 F.2d 478, 487 n.12 (5th Cir. 1962); Raphael v. Aetna Cas. & Sur., 744 F. Supp. 71, 75 (S.D.N.Y. 1990); Founding Church of Scientology v. Kelley, 77 F.R.D. 378, 381 (D.D.C. 1977).  These concerns are heightened where, as here, the government is conducting an ongoing investigation.

Here, discovery by Trevor Page of the notes of interviews of witnesses, or the taking of such witnesses' depositions, would undoubtedly provide information to him not otherwise discoverable in the Criminal Case, and shed light on the strategies and progress of the ongoing grand jury investigation as well as any resulting prosecution, thus enhancing Page's ability to manufacture evidence or tailor testimony, and otherwise severely hamper the government's ability to conduct an orderly investigation and prosecution.

As the government will suffer irreparable prejudice if Trevor Page is permitted to obtain broad civil discovery—such as deposition and interrogatory discovery—prior to the conclusion of the criminal proceeding, the requested stay should be granted.

C.    A Stay Would Serve the Public Interest in Law Enforcement

It is well-settled that "a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities."  Campbell, 307 F.2d at 487; see also In re Ivan F. Boesky Sec. Litig., 128 F.R.D. 47, 48 (S.D.N.Y. 1989).  Indeed, one court has observed that "where both civil and criminal proceedings arise out of the same or related transactions, the government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter."  United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353 (S.D.N.Y. 1966).

Stays of proceedings and discovery in civil actions reflect a recognition of the vital interests at stake in a criminal prosecution.  See, e.g., United States v. Kordel, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution.").  Stays have been granted to halt civil litigation that threatened to impede criminal investigations which had yet to yield an indictment.  For example, stays have been granted to avoid interference in investigations relating to tax fraud, see, e.g., Campbell, 307 F.2d at 480, insider trading, see, e.g., Chestman, 861 F.2d at 50; Downe, 1993 WL 22126, at *1, insurance fraud, see, e.g., Raphael, 744 F. Supp. at 73, bank fraud, see, e.g., Pharaon, 140 F.R.D. at 639, customs violations, see, e.g., R.J.F. Fabrics, Inc. v. United States, 651 F. Supp. 1437 (U.S. Ct. Int'l Trade 1986), and immigration fraud, see, e.g., Souza v. Shiltgen, 1996 WL 241824, at *1 (N.D. Cal. May 6, 1986).

A stay of proceedings as to Trevor Page is especially appropriate here because he has already been indicted in the Criminal Case for engaging in the same activities that are the subject of the Civil Case.  The criminal prosecution will therefore vindicate substantially the

same public interest underlying the SEC's civil action, namely, preventing corporate securities fraud through misrepresentations to investors.  See, e.g., Volmar Distrib., Inc. v. N.Y. Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (criminal prosecution would serve to advance public interest in preserving integrity of competitive markets); see also Shkreli, 2016 WL 1122029, at *7 (same).

        D.      The Civil Parties Will Not Be Prejudiced by the Proposed Stay

        The SEC, which does not oppose the filing of the requested order, and the defendant will save significant resources by allowing the Criminal Case to proceed unencumbered by the burdens of civil proceedings and discovery.  If Trevor Page is convicted in the Criminal Case, he will in all likelihood not proceed to trial in the Civil Case.  See SEC v. Freeman, 290 F. Supp. 2d 401, 405 (S.D.N.Y. 2003) ("It is settled that a party in a civil case may be precluded from relitigating issues adjudicated in a prior criminal proceeding and that the Government may rely on the collateral estoppel effect of the conviction in support of establishing the defendant's liability in the subsequent civil action").  Page is also likely to choose to assert his Fifth Amendment rights against self-incrimination in the Civil Case.  As detailed above, it would be unfair to permit Page to obtain discovery while not requiring that he provide the same. A stay would also likely streamline discovery for the SEC and any defendants who remain in the Civil Case after the conclusion of the criminal proceedings.[3]  See Twenty First Century Corp.,

---

       [3]      As noted above, Trevor Page will most likely be the last remaining defendant in the Civil Case: a final judgment has been issued as to FJ Investments International (see ECF No. 34); Ticino Capital has been voluntarily dismissed from the case (see ECF No. 67); and Judge Kuo has recommended that a motion for default judgment be granted as to the remaining Civil Defendants other than Trevor Page (Timothy Page, Wellesley Holdings, Porrima and Emergent Investment) and as to relief defendant Janan Page (see ECF No. 88).  The requested stay would not seek to interfere with Judge Kuo's recommendation being made final by the Court or the Court's entry of final judgments against the defendants against whom Judge Kuo has recommended judgments.

801 F. Supp. at 1011 (noting that staying civil case due to pending criminal action "may streamline later civil discovery since the transcripts from the criminal case will be available to the civil parties"). The SEC and Trevor Page will therefore benefit from, as opposed to be prejudiced by, a stay of proceedings and discovery in the Civil Case.

      D.    <u>The Court Will Not Be Inconvenienced If It Stays Proceedings in the Civil Case</u>

      The Court will not be inconvenienced as a result of the stay. To the contrary, as stated above, should the Criminal Case result in a conviction, it could greatly streamline the Civil Case as to Trevor Page. A stay of civil proceedings is also likely to narrow or eliminate factual issues in the civil litigation. <u>See, e.g.</u>, <u>Shkreli</u>, 2016 WL 1122029, at *6 ("A stay of the civil action while the criminal case moves forward would avoid a duplication of efforts and a waste of judicial time and resources." (internal quotation marks omitted)); <u>In re Grand Jury Proceedings</u>, 995 F.2d 1013, 1018 n.11 (11th Cir. 1993) ("Although stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues."); <u>United States v. Mellon Bank</u>, 545 F.2d 869, 873 (3rd Cir. 1976) (affirming a stay of discovery and stating, "it might well have been that resolution of the criminal case would moot, clarify, or otherwise affect various contentions in the civil case"); <u>Brock v. Tolkow</u>, 109 F.R.D. 116, 119-20 (E.D.N.Y. 1985) (granting a stay and noting that "the resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues"). Such streamlining will save the Court's time and resources when the civil proceedings' stay is lifted at the conclusion of the criminal proceedings.

<u>CONCLUSION</u>

In sum, the interests of the public, the government, the parties, and the Court strongly weigh in favor of granting this motion for a stay.  In the interests of permitting the government to complete its prosecution in the Criminal Case, as well as the ongoing criminal investigation, the government respectfully requests that the Court grant its motion for a stay of proceedings in the Civil Case as to Trevor Page.

Dated: Brooklyn, New York
      October 9, 2024

Respectfully submitted,

BREON PEACE
United States Attorney

/s/ _____
Dylan A. Stern
Assistant U.S. Attorney
(718) 254-6213

Cc:   Clerk of the Court (ARR) (by ECF)
      Counsel of record (by ECF)