UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

      *Plaintiff*

  -against-

TIMOTHY PAGE,
TREVOR PAGE,
TICINO CAPITAL LIMITED,
WELLESLEY HOLDINGS LIMITED,
PORRIMA LIMITED,
EMERGENT INVESTMENT COMPANY,
FJ INVESTMENTS INTERNATIONAL INC. and
JANAN PAGE,

      *Defendants.*

21-CV-5292 (ARR) (PK)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**MEMORANDUM & ORDER**

ROSS, United States District Judge:

  Plaintiff, the Securities and Exchange Commission ("SEC"), commenced this civil action alleging that defendants schemed to fraudulently sell stock of publicly traded companies in violation of various securities laws. Compl. ¶¶ 1–4. In light of a parallel criminal case concerning the same alleged conduct, the United States Attorney's Office for the Eastern District of New York (the "government") has filed the present motion to intervene for the purpose of staying this action pending the outcome of parallel criminal proceedings. For the following reasons, the government's motion is granted.

## BACKGROUND

*The SEC Complaint*

  The substance of the SEC's complaint is described in detail in the Report and Recommendation prepared by Magistrate Judge Kuo, R&R 2–7, ECF No. 88, which I have since adopted in its entirety as the opinion of the Court. *See* Order Adopting R&R, ECF No. 90. Briefly,

the SEC alleges that defendants Timothy Page and his son, Trevor Page, executed a "pump and dump" scheme to defraud investors. *Id*. at 12–13. According to the SEC's complaint, the Pages used nominal entities, including defendant corporations Wellesley Holdings Limited, Porrima Limited, and Emergent Investment Company, to purchase substantial shares of publicly traded companies, conceal their ownership of those shares, fraudulently inflate their value, and sell them at a profit. *Id*.

The SEC filed its complaint on September 23, 2021. Compl. ¶ 1. On May 5, 2023, the SEC moved for default judgment against the remaining defendants, all of whom had, at that time, failed to appear or otherwise defend the action. ECF Nos. 52–55; 60–65. Pursuant to 28 U.S.C. § 636(b)(1), I referred the motion for default judgment to Judge Kuo for a report and recommendation. In January 2024, the SEC withdrew its motion for default judgement against Trevor Page ("Mr. Page"), who subsequently demonstrated his intent to defend the case. *See* ECF Nos. 69–71. On September 13, 2024, I received Judge Kuo's report and recommendation to grant the motion for default judgment as to the defaulting defendants Timothy Page, Janan Page, Wellesley Holdings Limited, Porrima Limited, and Emergent Investment Company. R&R, ECF No. 88. On October 10, 2024, I adopted the report and recommendation in its entirety and instructed the Clerk of Court to enter judgment against the defaulting defendants. ECF 91. The entry of judgment leaves Mr. Page as the sole remaining defendant in this matter.

*The Criminal Cases*

On October 7, 2021, the government secured an indictment in a parallel criminal case. *See USA v. Page*, 21-CR-517 (KAM) (E.D.N.Y. Oct. 7, 2021) ("Indictment"), ECF No. 3. The indictment charges Mr. Page and another defendant with conspiracy to commit securities fraud, conspiracy to commit wire fraud, and multiple counts of securities fraud. *Id*. at 25–34. The

indictment concerns much of the same conduct alleged in the SEC complaint. Mr. Page first appeared in the criminal case to be arraigned on May 21, 2024. *USA v. Page*, ECF No. 12.

In addition to that case against Mr. Page, there is another grand jury investigation that remains ongoing. Gov't Mem. L. Supp. Mot. Intervene 1 ("Gov't Mem."), ECF No. 90-1. According to the government, the grand jury investigation concerns the same alleged conduct. *Id*.

The government filed the present motion on October 9, 2024, requesting to intervene in the civil case and stay further proceedings until the conclusion of both Mr. Page's criminal case and the ongoing grand jury proceeding. Gov't Mem. 2. The government argues that a stay is necessary to protect the integrity of those proceedings. The government also states that it has consulted with both Mr. Page and the SEC and that neither oppose the entry of a stay. *Id*. at 1; 14–15; *see also* ECF No. 69 (letter from counsel indicating that Mr. Page will not oppose the government's forthcoming request to stay).

## DISCUSSION

### I. Intervention

Under Federal Rule of Civil Procedure 24, a party may intervene in a civil case either as a matter of right or on a permissive basis. Fed. R. Civ. P. 24. To intervene as of right under Rule 24(a)(2), the moving party must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *In re NYC Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799 (2d Cir. 2022) (quotations omitted). Permissive intervention under Rule 24(b) is within the court's discretion and is "appropriate when a proposed intervenor 'has a claim or defense that shares with the main action a common question of fact.'" *Id*. at 804 (quoting Fed. R. Civ. P. 24(b)(1)(B)). "[C]ourts in the Second Circuit have routinely

3

granted motions made by prosecuting authorities seeking to intervene in civil actions for the purpose of obtaining stays of discovery" under both provisions. *In re Air Cargo Shipping Servs.*, No. 06-MD-1775, 2010 WL 5027536, at *1 (E.D.N.Y. Dec. 3, 2010). *See, e.g.*, *SEC v. Javice,* No. 23-CV-2795 (LJL), 2023 WL 4073797 (S.D.N.Y. June 20, 2023); *SEC v. Simeon*, No. 21-CV-5266 (JMW), 2021 WL 5505835 (E.D.N.Y. Nov. 23, 2021).

Here, intervention by the government is appropriate under either standard.

Intervention as of right is proper under Rule 24(a)(2). First, given the totality of the circumstances, the government's motion is timely. *See SEC v. Xia*, No. 21-CV-5350 (PKC) (JAM), 2024 WL 964676, at *6 (E.D.N.Y. Mar. 4, 2024) (discussing "flexible" discretionary standard for assessing timeliness). While this case was filed over three years ago, ECF No.1, Mr. Page did not appear in the case until January of this year, ECF No. 68–71, and no discovery has taken place. Under these circumstances, the delay in intervention will cause no prejudice to Mr. Page. Next, as many courts in this district have recognized, the government has a discernable interest in enforcing the limits on criminal discovery, which may be impaired if this case proceeds. *See, e.g., SEC v. Pirello*, No. 23-CV-8953 (KAM) (MMH), 2024 WL 456828, at *3–4 (E.D.N.Y. Feb. 5, 2024); *SEC v. Sterritt*, No. 21-CV-2008 (KAM)(PK), 2021 WL 2184942, at *2 (E.D.N.Y. May 28, 2021). Finally, the government has a distinct interest in the effective enforcement of *criminal* statutes that is not adequately represented by the SEC's civil enforcement division. *See Pirello*, 2024 WL 456828, at *6 ("[T]he Government is uniquely focused on the enforcement of criminal statutes and is better equipped to protect that interest itself, rather than using the SEC as a conduit for such arguments." (internal quotation omitted)).

Alternatively, intervention is also appropriate under Rule 24(b)(2) due to the significant overlap in Mr. Page's indictment and this civil case. Both concern allegations that Mr. Page was

4

part of a coordinated scheme to defraud investors in publicly traded companies by artificially orchestrating trades through nominal entities. *See* Compl. 2–6; Indictment ¶¶ 19–23. There is likely to be substantial overlap in core factual questions concerning the nature of the scheme and Mr. Page's role in it that will be resolved in the criminal case. *See Pirello*, 2024 WL 456828, at *6; *SEC v. Shkreli*, No. 15-CV-7175 (KAM) (RML), 2016 WL 1122029, at *3 (E.D.N.Y. Mar. 22, 2016).

Accordingly, the government's motion to intervene in this action is granted.

## II. Stay

A stay of civil proceedings is a matter of judicial discretion. *Hicks v. City of New York*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) ("It is well established that district courts have discretionary authority to stay a case when the interests of justice so require."). In considering whether to stay civil proceedings due to a related criminal case, I must balance the interests of the civil plaintiffs, the interests of the defendant, judicial economy, and the interests of persons not party to the civil litigation—including the public. *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 375 F. Supp. 2d 141, 157 n.8 (E.D.N.Y. 2005).

Here, I find that justice favors a complete stay of the instant proceeding until the conclusion of the parallel criminal case against Mr. Page. First, there is substantial overlap in the proceedings, which both concern Mr. Page's role in the alleged fraudulent scheme. A stay will preserve the integrity of the prosecution by preventing Mr. Page from using civil discovery to "circumvent the more limited scope of discovery in the criminal matter." *SEC v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988). A stay will also promote judicial efficiency because the criminal case will likely resolve common questions of fact, which may reduce the scope of discovery necessary in the instant action, or facilitate settlement. *See Pirello*, 2024 WL 456828, at *8. Neither the SEC nor Mr. Page object

to the entry of a stay, Gov't Mem. 1, which suggests there is minimal prejudice to the civil parties. Finally, I find that the public interest in both the effective enforcement of our nation's securities laws and the integrity of the criminal prosecution are served by a stay. *See id.* at *8–9.

Accordingly, this action is stayed until the conclusion of proceedings in *USA v. Page*, 21-CR-517 (KAM). At this time, I do not separately address whether a stay is necessary to protect the grand jury investigation, the details of which are not addressed in the government's motion. If the case against Mr. Page concludes before that investigation comes to fruition, the government may request an extension of the stay, the merits of which I will assess at that time.

## CONCLUSION

For the forgoing reasons, the government's motion to intervene and stay the instant case is granted. The government is directed to file a status report apprising the Court of the status of the criminal proceedings every six (6) months.

SO ORDERED.

                                                   */s/ Allyne R. Ross*
                                                   Allyne R. Ross
                                                   United States District Judge

Dated:        October 15, 2024
                Brooklyn, New York